MERCANTILE    Co.    *v.*    BOWERS.

(*Jackson.*    June    25,    1900.)

1. MARRIED WOMEN.    *Liability for debts contracted in mercantile business.*

Coverture is a good defense to notes executed by a married woman in conducting a mercantile business prior to the passage of the Act of 1897, declaring married women engaged in mercantile and manufacturing business liable for their debts incurred in such business, although she may have recognized the existence of said notes after the passage of that Act.

Act construed: Acts 1897, Ch. 82.

2. SAME.    *Estate of, not subject to her debts, when.*

Where her coverture defeats judgment upon her debt, a married woman's property, other than her separate or other estate which she has bound by express valid contract, cannot be reached and subjected to her creditor's claim.

Cases cited: Federlicht *v.* Glass, 13 Lea, 481; Theus *v.* Dugger, 93 Tenn., 41.

FROM TIPTON.

Appeal from Chancery Court of Tipton County. JOHN S. COOPER, Ch.

Mercantile Co. v. Bowers.

W. A. OWEN and SIMONTON & SON for Mercantile Co.

SMITHEAL & BAPTIST for Bowers.

WILKES, J. This is a bill to set aside a conveyance charged to have been fraudulently made. The Chancellor refused relief, and the complainant has appealed and assigned errors.

The defendant, F. E. Bowers, wife of J. E. Bowers, was engaged in a mercantile business in Covington, and on May 5, 1898, sold her entire stock to defendant R. H. White for $1,600, taking his notes for the same, payable in six installments of $266.66⅔ each, due in two, four, six, eight, ten, and twelve months.

Complainant claims to be a corporation doing a wholesale millinery business in St. Louis, Mo., and as such sold to the defendant, for her business, goods to the amount of $1,350. For $1,300 of this amount she gave her notes, and the balance was claimed to be due by account. There were five notes executed by defendant, F. E. Bowers, March 15, 1897, aggregating $1,300. She was, when she executed these notes, a married woman. They do not purport to bind her separate estate, nor is there any contention that she agreed orally to bind any separate estate for them.

The bill charges that in April, 1898, Mrs. Bowers agreed to pay these notes, as well as upon other occasions, but that she failed to do

so, and on the 5th of May, 1898, she made this fraudulent conveyance to White, taking notes therefor, and that the notes are in her possession.

An injunction was prayed for, and issued, to restrain Bowers and wife from collecting or transferring, and defendant, White, from paying, the notes, except under the orders of the Court, and the effort is to have the amount owing by White applied to the payment of complainant's debt. No personal judgment is asked against J. E. Bowers, nor against White, and he is only sought to be required to pay the notes. The goods are not attached, but it is asked that they or their proceeds be applied to complainant's debt.

Mrs. Bowers answered and plead her coverture, and denied that she promised to pay the notes in April, 1898, and contests all liability on the notes; denies that the sale to White was fraudulent, and states that she transferred his notes to the bank to secure certain of her creditors, before the bill was filed or injunction was granted, and had secured no personal benefit from the sale, but has applied the whole amount received to payment of her debts.

White answers, and denies all knowledge of complainant's debt and all charges of fraud in the sale, and states that he is good and solvent for the amount of the notes, and states that he had been notified of their transfer to the bank before service of injunction on him.

The Chancellor refused to give any personal judgment against Mrs. Bowers, on account of her coverture, and he also refused any judgment against White, and these two rulings are assigned as error. The ruling of the Chancellor was correct in not giving judgment against Mrs. Bowers on her notes over her plea of coverture, unless a new promise made by her since the passage of the Act of April 30, 1897, would render her liable. The substance of this Act is to make married women engaged in mercantile and manufacturing business liable for their debts incurred in such business.

We think the evidence is not sufficient to show anything more than a simple recognition of the existence of the original notes after the passage of that Act, and does not amount to a promise to pay them, if such a promise could give vitality and force to notes which were not binding when made before the passage of the Act. There were some propositions pending to substitute other notes for the original one, but the matter was not consummated, and the notes still stand in their original shape as when first made.

This being the status of the case, the only remedy of the creditor against Mrs. Bowers, even if she had not sold to White, and had the goods still in her possession, would be to reclaim such of the goods sold her by complainant as could be identified and seized in stock, and this upon

the idea that the contract, having been avoided by her, was of no further force and effect, and, therefore the creditor could reclaim such of his goods as he could seize and identify as his own, but he would have no recourse against other goods that might be in stock bought from other persons, nor could he hold the married woman liable for such as she may have sold. *Federlicht* v. *Glass,* 13 Lea, 481; *Theus* v. *Dugger,* 9 Pickle, 46, 50. The bill in this case is not filed upon the theory, nor does it proceed upon the idea of following up the specific goods in the hands of White and reclaiming them in kind as the property of complainant, and we need not consider whether that could have been done or not. The theory of the bill is that complainant has a valid, enforceable debt against Bowers and wife, he having indorsed the notes of his wife, and, having such debt, it has a right to impound the amount due her from White, and subject the same to the payment of its debt. But the complainant has no valid, enforceable debt against Mrs. Bowers, arising out of the original execution of the notes, nor the incompleted and unfinished negotiations, to substitute other notes therefor, and its right to hold White liable upon his purchase of the goods, either upon the ground of fraud in the purchase of the goods or because he is indebted to Mrs. Bowers, must rest, if at all, upon the validity of his claim against Mrs.

Mercantile Co. *v.* Bowers.

Bowers. In addition to this, it appears that these notes were transferred to the bank before injunction granted or bill filed, so that we are unable to see upon what ground complainant can recover against either Mrs. Bowers or White.

The decree of the Court below is affirmed, with costs.